LAND, J.
Plaintiffs, taxpayers of the city of Shreveport, instituted these suits to annul certain paving contracts entered into by the city with the codefendant companies.
The principal ground of alleged nullity is that the advertisement for bids stated that payment was to be made in cash or in 4 per cent, improvement bonds of the city of Shreveport at par. The advertisement invited sealed bids for paving certain streets and alleys, giving the number of superficial feet in each intended to be paved, and the number of square yards of paving to be paid for by the city and property holders respectively, and also by the traction company in streets traversed by its tracks. The advertisement specified that:
“Each bid must name the price for five-year guaranty and without a guaranty, for cash, and for payment in the city bonds.”
Under the provisions of Act No. 10 of 1896, empowering municipalities to improve streets and to levy special taxes and local *694 contributions on real estate abutting the same, two-thirds of the entire cost must be paid by the abutting owners and one-third by the city, except where a railroad track occupies a portion of the street, and then the railroad must pay in proportion to the space occupied by its roadbed compared to the entire width of the street Section 3 of said act reads as follows:
“Whenever the city councils of cities herein described shall resolve to pave or improve any portion of streets and alleys not less than one block or any street or alley, it shall pass an ordinance calling for bids for the work of which 10 days’ notice shall be given in newspaper published in said city, and shall let the contract to the lowest bidder who can give satisfactory security; provided said council shall have the right to reject any and all bids; and after the contract has been awarded the council shall provide by ordinance for an assessment of all real estate abutting the street or alley, and on railroad tracks as aforesaid, a portion thereof, to be paved or otherwise improved, in such manner as to apportion two-thirds of the contract price on the basis of the real estate so abutting and on the railroad track in the proportion as set forth in section 2 hereof.”
It is further provided that:
“The sum assessed against said real estate and railroad track and roadbed shall be due and collected within ten days after the completion of the work and its acceptance by the mayor and city engineer.”
It is obvious that section 3 contemplates cash bids for the work to be let, on such a basis that a contract may be moarded by the acceptance of the bid of the lowest responsible bidder, who can give satisfactory security. This is impossible where the bids are for different paving material on the same, streets.
Where the bids are based on different kinds of material, there can be no competition as to price.
In the cases at bar, the advertisement called for proposals to pave with different kinds of material, and after receiving the proposals the council proceeded to select the material, and to apportion the work as it deemed best among the bidders. Under such a scheme the competition among the bidders was confined to the materials to be used in paving the streets.
Our construction of the provisions of the enabling act of 1896 renders it unnecessary for us to prolong this opinion by the discussion of other questions ably presented by counsel on both sides.
The intervention, seeking to have the bond issue declared null and void because the ordinance submitting the question of levying the special taxes and the issuing of bonds for paving purposes contained a provision that the bonds should not be sold for less than par for cash, “or the said bonds may be negotiated in payment for such work, without being sold,” was properly dismissed. The stipulation relates to the disposition of the bonds, and does not affect the legality of their issue.
It is therefore ordered that the judgments below be affirmed in so far as they reject and dismiss the demand of the intervener. It is further ordered that in all other respects said judgments be reversed; and it is now ordered that there be judgment for plaintiffs in each of said three suits, annul ling and avoiding the proceedings and pavihg contracts set forth in their petitions, and restraining the city of Shreveport from disposing of its said bonds except by sale for cash according to law; and it is further ordered that the defendants pay costs in both courts.
PROVOSTY, J., concurs.